*Rehearing Denied June 19, 2003:*

*In re* JK (FAMILY INDEPENDENCE AGENCY V KUCHARSKI), No. 121410. Reported *ante*, 202.

WEAVER, J. (nonparticipation statement).

Although I am not prejudiced or biased in this case, I have decided not to participate in the motion for rehearing in order to expedite the case for the sake of the minor child, JK. In my May 20, 2003, statement I said that I was not participating for three reasons:

- First, to expedite for the sake of the child this case, which has been in the Supreme Court for over a year;
- Second, to defer to the decisions of the respondent party, the biological mother, and her attorney not to remit/waive any possible disqualification; and
- Third, to maintain public trust and confidence in the judiciary. [468 Mich 202, 220; 661 NW2d 216 (2003).]

The full and complete explanation of the circumstances leading to my decision not to participate in either the May 20, 2003, decision in this case or the motion for rehearing can be found in my original statement of nonparticipation.[1]

---

[1] In that statement I noted that there are no court rules establishing the procedure for a Michigan Supreme Court justice's decision whether to refrain from participation in a case, that the decision traditionally had been left to the discretion of the individual justices, and that nothing of that decision-making process had been revealed to the public.

I proposed for public comment amendments to Michigan Court Rule 2.003, which would provide that when the issue of disqualification is raised, a justice should publish in the record of the case the reasons for the decision to participate in the case or not, and would outline the proce-

At the time the Court issued its May 20, 2003, opinion, this case had been in the Supreme Court for over a year (13 months), leaving JK, his biological mother, and his adoptive parents in a legal limbo. This Court should ensure that so excessive an appellate delay by the Supreme Court never occurs again. I urge the Court to publish for comment the proposed court rule, outlined below, which would ensure that termination-of-parental-rights cases would be resolved in the Supreme Court within 3 months—less than one quarter of the time (13 months) that this *In re JK* case was at this Court.

Since the May 20, 2003, opinion was issued, this Court has amended Michigan Court Rule 7.302 in a modest first step to reduce delay in termination-of-parental-rights cases. Previously, all applications for leave to appeal to the Supreme Court were to be filed within 21 days from a Court of Appeals decision, and delayed applications for leave to appeal had to be filed within 56 days. The recent amendments increase the time limit for filing an application for leave to appeal from an order terminating parental rights from 21 days to 28 days, and further provide that delayed applications for leave to appeal will not be accepted. Because delayed applications are eliminated, the amendments reduce the maximum potential time for filing an application for leave to appeal to the Supreme Court by 49 days (7 weeks).

Although the elimination of delayed applications for leave to appeal may be somewhat helpful, this revision is neither significant nor sufficient *to truly expedite these cases in the Supreme Court. These recent amend-*

---

dure for a justice to raise his potential disqualification with the parties and their attorneys:

> (C)(5) *Disqualification of a Justice.* If a justice's participation in a case is challenged by a written motion or if the issue of participation is raised by the justice or another justice, the challenged justice shall decide the issue and publish in the record of the case that justice's reasons for the decision to participate or not.

*        *        *

> (D)(2) *Procedure for a Justice.* If it appears that there may be grounds or possible grounds for disqualification, the justice may have the clerk of the supreme court send the parties the justice's written explanation of the grounds or possible grounds for disqualification, and ask the parties and their attorneys to consider whether to waive any disqualification. If, following disclosure of any grounds or possible grounds for disqualification other than personal bias or prejudice concerning a party, the parties all notify the clerk of the supreme court in writing that the justice should not be disqualified, and the justice is then willing to participate, the justice may participate in the case.

I continue to follow this procedure in this motion for rehearing.

ments to MCR 7.302 do not address the real problem of delay—this Court's own actions—as highlighted by this case. The amendments impose time restrictions on the parties, but not on the Supreme Court itself. These amendments would have had no effect on the 13 months that this case, which was timely filed, spent in the Supreme Court.

This Court should act promptly to take a second step by publishing and adopting a court rule that will significantly reduce delays by the Supreme Court in termination-of-parental-rights cases. To this end, as promised in my May 20, 2003, statement of nonparticipation, I propose the following court rule for termination-of-parental-rights cases. The proposed court rule also suggests strict time limits on appeals in the Michigan Court of Appeals, which the Court of Appeals dependency appeals work group[2] and this Supreme Court should consider. I urge this Court to publish and offer the proposed court rule for public comment.

If this proposed court rule were adopted, an appeal would be in the Court of Appeals for not longer than thirty-five (35) weeks [eight (8) months] and in the Supreme Court for not longer than thirteen (13) weeks [three (3) months]. The goal of this proposed rule is to ensure that at most eleven (11) months, not the twenty-two (22) months that this case took, would elapse from the date a claim of appeal is filed to the date that a final decision is issued by the Supreme Court.

---

PROPOSED MICHIGAN COURT RULE 5.993A

APPEALS IN PROCEEDINGS RELATED TO TERMINATION OF PARENTAL RIGHTS

(A) Applicability. This rule applies to the appeal of an order terminating parental rights under MCL 712A.19b and supersedes all inconsistent provisions of other rules governing appeals.

(B) Appeals to the Court of Appeals

(1) An order terminating parental rights is appealable to the Court of Appeals by right.

(2) An appeal must be taken within

(a) 21 days after entry of the order appealed from; or

(b) 21 days after the entry of an order denying a motion for rehearing if the motion was filed within the initial 21-day appeal period.

(c) The Court of Appeals may not grant a delayed application for leave to appeal an order of the family division of the circuit court terminating

---

[2] In September, 2002, the Court of Appeals convened a dependency appeals work group, which has been examining ways to reduce the time it takes to receive and resolve appeals involving a termination of parental rights and those involving custody of minor children. This case was resolved in the Court of Appeals in a timely fashion—within eight months. My proposed rule would ensure that future cases would be resolved in a similarly timely fashion.